This was an application for a Writ of Error to a judgment of the Superior Court of Law for the county of Cumberland, whereby the petitioner was sentenced to confinement in the Penitentiary-house for the term of five years, having been convicted of murder in the second degree. The application was founded on an alleged error in the Court’s refusal to sustain the prisoner’s challenge for cause of John II. Parker, a juror summoned to try him, and for putting him to his peremptory challenge. The prisoner filed a hill of exceptions, which stated that in the progress of the cause, John II. Parker was called as a juror, and upon being sworn to answer questions, said st that hfi heard one of the witnesses testify in the case *660 of the prisoner in the Called Court: that he did not know that he heard all the evidence given by that witness: that upon the evidence of the said witness, he formed an opinion at the time: that he did not know that he expressed it, or that he did not, but thinks it most probable that he did express it: that he had no prejudice against the prisoner, or his cause at this time, (that is, at the time of the trial,) and that he believed he could give the prisoner as fair a trial as if he had never heard any thing on the subject, and that if he was capable of giving him a fair and impartial trial before he heard any thing of his case, he could do the like now.”
Under the above circumstances, the Court ruled and determined that the said Parker was a good juror, and that the prisoner must take him as such, or peremptorily challenge him. He did peremptorily challenge him, and excepted to the opinion of the Court.
The General Court, after conferring on the subject, decided that the said Parker was an impartial juror, and could not be challenged for cause, and overruled the application for a Writ of Error.